IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAVIER H. ARMENGAU,

       Petitioner,

       v.

WARDEN, ALLEN CORRECTIONAL
INSTITUTION,

       Respondent.

Case No. 2:15-cv-02603
Judge Marbley
Magistrate Judge King

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action does not involve a challenge to Petitioner's underlying criminal convictions; rather, Petitioner claims that the state courts have unconstitutionally denied him release on bail pending the resolution of his appeal from those convictions. This matter is now before the Court on the *Petition* (ECF No. 1), Respondent's *Return of Writ* (ECF No. 10), Petitioner's *Reply* (ECF No. 11), and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Petition* be **DENIED** and that this action be **DISMISSED.**

### I

On July 7, 2014, after a jury trial in the Franklin County Court of Common Pleas, Petitioner was convicted of one count of public indecency, two counts of gross sexual imposition, one count of rape, one count of kidnapping, and four counts of sexual battery. *Verdicts* (ECF No. 10-1, PageID# 262-79.)  Petitioner's pre-trial bond was revoked. *Criminal Case Processing Sheet* (ECF No. 10-1, PageID# 280.) On August 26, 2014, the trial court imposed an aggregate term of thirteen years' incarceration, adjudicated Petitioner as a Tier III

sex offender, and denied Petitioner's request for release on bond pending appeal.  *Judgment Entry* (PageID# 283-87); *Sentencing Transcript* (ECF No. 10-1, PageID# 404-05.)   Petitioner's appeal from his conviction apparently remains pending.

On January 12, 2015, Petitioner asked the state appellate court to stay execution of the sentence and to set conditions of release pending resolution of the appeal. *Motion to Stay Further Execution of Sentence and Setting Conditions of Release Pending Appeal* (PageID# 447-476.)  In support of that request, Petitioner argued, *inter alia*, that he presented no risk of flight or harm, that he is innocent of the charges against him, that he suffers financial distress, and that his children are suffering harm as a result of his incarceration.  *Id.* The State opposed Petitioner's request.  *Memorandum contra Appellant's Motion for Stay of Execution of Sentence* (PageID# 477.)  On January 21, 2015, the appellate court summarily denied Petitioner's motion.  *Journal Entry* (PageID# 482.)

On February 17, 2015, Petitioner filed a *Petition for Writ of Habeas Corpus* with the Ohio Supreme Court.  *Petition for Writ of Habeas Corpus* (PageID# 484.)  Petitioner argued that his appeal would likely result in the reversal of his convictions and that defendants with similar convictions have obtained release on bond pending their appeals.  He again asserted that he is innocent of the charges against him, and he also argued that the trial court unconstitutionally denied his request for release on bond in violation of the Due Process and Equal Protection Clauses.  *Id*. (PageID# 484-511.)  On May 6, 2015, Petitioner filed a *Motion for Expedited Ruling on Petition for Writ of Habeas Corpus*  (PageID# 607.)  On June 19, 2015, Petitioner filed a *Second Motion Requesting Expedited Ruling on Petition for Writ of Habeas Corpus*  (PageID# 623.) On June 24, 2015, the Ohio Supreme Court *sua sponte* dismissed Petitioner's habeas corpus petition and denied the motion for expedited ruling. *Entry* (PageID# 633.)

On July 13, 2015, Petitioner filed this action. He claims that the state courts have denied him due process and equal protection in his pursuit of an appellate bond and he specifically alleges that Ohio courts have granted appellate bonds to other criminal defendants and non-Hispanics[1] convicted of similar - or more serious - crimes and sentenced to longer terms of incarceration. Respondent contends that Petitioner's claims lack merit and fail to provide a basis for federal habeas corpus relief.

## II

Petitioner filed this action under 28 U.S.C. § 2254. *See Petition* (PageID# 2.) Habeas relief may be granted under § 2254 on the basis of an alleged incorrect factual determination by a state court only if that determination was "unreasonable . . . in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Where habeas relief is sought under § 2254 on the basis of a state court's alleged misapplication of the law to the facts, federal relief may be granted only if the application of Supreme Court precedent was "unreasonable." *Id*. § 2254(d)(1).

At least one Judge of this District has held that a claim of denial of bond pending appeal is not properly considered under § 2254. *Young v. Brunsman*, 2006 WL 1548556, at *1 (S.D. Ohio June 2, 2006). *But see Garson v. Perlman*, 541 F.Supp. 2d 515 (E.D.N.Y. 2008)(entertaining claim of denial of appellate bond under § 2254). The United States Court of Appeals for the Sixth Circuit has held that habeas claims based on a state court's denial of pre-trial release on bond is properly resolved under 28 U.S.C. § 2241, which requires *de novo* consideration rather than the deference afforded by § 2254 to state court decisions. *Phillips v. Court of Common Pleas, Hamilton County, Ohio,* 668 F.3d 804, 809-10 (6th Cir. 2012). *See also Martin v. Diguglielmo*, 644 F.Supp.2d 612, 620 n.2 (W.D.Pa. 2008)(claim based on denial of bond pending appeal from order granting new trial is properly considered under 28 U.S.C. §

---

[1] Petitioner represents that he is Hispanic. *Petition* (PageID# 9.)

2241); *Love v. Ficano*, 19 F.Supp.2d 754, 755 n.1 (E.D. Mich. 1998)(same). *See also Biggs v. McNeil*, 2008 WL 5054342, *4 (S.D.Fla. Nov. 28, 2002)(concluding that relief was not warranted regardless of whether the claim is considered under § 2254 or § 2241).

Regardless of whether this Court considers Petitioner's claim by reference to the standards of § 2254 or § 2241, this Court is not persuaded that Petitioner has established that he is entitled to federal habeas corpus relief.

### III

To the extent that Petitioner claims a violation of state law, that claim offers no basis for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only if the petitioner's challenge to his confinement is predicated on an alleged violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); § 2254(a). Thus, a federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). It is only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

### IV

Petitioner claims that the state courts denied him due process by arbitrarily refusing to grant him release on bail pending appeal without explanation or consideration. He argues that, because Ohio has created the right to bail pending appeal, *see* O.R.C. § 2953.09,[2] Rule 8 of the

---

[2] O.R.C. § 2953.09 addresses the suspension of execution of a sentence pending appeal and provides in pertinent part as follows:

> [A](2)(a) If a notice of appeal is filed pursuant to the Rules of Appellate Procedure by a defendant who is convicted . . . of a felony . . . , the filing of the notice of appeal does not suspend execution of the sentence or judgment imposed. However, consistent with divisions (A)(2)(b), (B), and (C) of this section, Appellate Rule 8, and Criminal Rule 46, the . . . court of common pleas, or court

4

Ohio Rules of Appellate Procedure,[3] and Rule 46 of the Ohio Rules of Criminal Procedure,[4] the state courts must undertake fair consideration of his request for an appellate bond. According to

---

of appeals may suspend execution of the sentence or judgment imposed during the pendency of the appeal and shall determine whether that defendant is entitled to bail and the amount and nature of any bail that is required. The bail shall at least be conditioned that the defendant will prosecute the appeal without delay and abide by the judgment and sentence of the court.

\* \* \*

(B) Notwithstanding any provision of Criminal Rule 46 to the contrary, a trial judge of a court of common pleas shall not release on bail pursuant to division (A)(2)(a) of this section a defendant who is convicted of a bailable offense if the defendant is sentenced to imprisonment for life or if that offense is a violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2905.01, 2905.02, 2905.11, 2907.02, 2909.02, 2911.01, 2911.02, or 2911.11 of the Revised Code or is felonious sexual penetration in violation of former section 2907.12 of the Revised Code.

(C) If a trial judge of a court of common pleas is prohibited by division (B) of this section from releasing on bail pursuant to division (A)(2)(a) of this section a defendant who is convicted of a bailable offense and not sentenced to imprisonment for life, the appropriate court of appeals or two judges of it, upon motion of the defendant and for good cause shown, may release the defendant on bail in accordance with division (A)(2) of this section.

[3] Rule 8 of the Ohio Rules of Appellate Procedure provides:
Bail and suspension of execution of sentence in criminal cases
(A) Discretionary Right of Court to Release Pending Appeal. The discretionary right of the trial court or the court of appeals to admit a defendant in a criminal action to bail and to suspend the execution of his sentence during the pendency of his appeal is as prescribed by law.

(B) Release on Bail and Suspension of Execution of Sentence Pending Appeal from a Judgment of Conviction. Application for release on bail and for suspension of execution of sentence after a judgment of conviction shall be made in the first instance in the trial court. Thereafter, if such application is denied, a motion for bail and suspension of execution of sentence pending review may be made to the court of appeals or to two judges thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee.

[4] Rule 46 of the Ohio Rules of Criminal Procedure provides in pertinent part as follows:
Bail
(A) Types and Amounts of Bail. Any person who is entitled to release shall be released upon one or more of the following types of bail in the amount set by the court:
(1) The personal recognizance of the accused or an unsecured bail bond;
(2) A bail bond secured by the deposit of ten percent of the amount of the bond in cash. Ninety percent of the deposit shall be returned upon compliance with all conditions of the bond;
(3) A surety bond, a bond secured by real estate or securities as allowed by law, or the deposit of cash, at the option of the defendant.

\* \* \*

(H) Continuation of Bonds. Unless otherwise ordered by the court pursuant to division (E) of this rule, or if application is made by the surety for discharge, the same bond shall continue until the return of a verdict or the acceptance of a guilty plea. In the discretion of the court, the same bond may also continue pending sentence or disposition of the case on review. Any provision of a bond or similar instrument that is contrary to this rule is void.

Petitioner, the state courts failed to do so, as reflected by the lack of any explanation for the denial of his requests for release on bond, and thereby deprived him of his federal Constitutional right to due process.

"A state prisoner has no absolute federal Constitutional right to bail pending appeal." *Bloss v. Michigan*, 421 F.2d 903, 905 (6th Cir. 1970)(citing *Sellers v. Georgia*, 374 F.2d 84 (5th Cir. 1967); *United States ex rel. Fink v. Heyd*, 408 F.2d 7 (5th Cir. 1969); *United States v. Motlow*, 10 F.2d 657 (7th Cir. 1926); *Rehman v. California*, 85 S.Ct. 8 (1964)). In Ohio, bail after conviction and pending appeal is entirely discretionary. *See* Rule 8 of the Ohio Rules of Appellate Procedure (referring to the "discretionary right" of an Ohio court to admit a defendant in a criminal action to bail during the pendency of his appeal); Rule 46 of the Ohio Rules of Criminal Procedure ("In the discretion of the court," a bond set prior to conviction "may also continue pending sentence or disposition of the case on review."). Indeed, a trial judge may not set an appeal bond for a defendant who, like Petitioner, has been convicted of rape under O.R.C. § 2907.02. *See* O.R.C. § 2953.09(B). Only "the appropriate court of appeals. . . , upon motion of the defendant and for good cause shown," may release such a defendant on bond pending appeal. O.R.C. § 2953.09(C).

There is some authority that, if a state provides for bail pending appeal, the Eighth and Fourteenth Amendments require that such bail not be denied arbitrarily or unreasonably. *See, e.g., Young v. Hubbard*, 673 F.2d 132, 134 (5th Cir. 1982)(citing *Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979)). The mere failure to provide a statement of reasons for the denial of bail pending appeal is not, however, arbitrary *per se. Finetti*, 609 F.2d at 599.

> Rather, judgments of the state courts, when attacked collaterally through a federal habeas corpus petition, carry, a "presumption of regularity." *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938). This presumption may be overcome; but the defendant

* * *

> bears the burden of showing that there is no rational basis in the record for the denial of bail.

*Id.* at 601 (citing *United States ex rel. Walker v. Twomey*, 484 F.2d 874, 876 (7th Cir. 1973)). *See also Jenkins v. Harvey*, 634 F.2d 130, 132 (4th Cir. 1980)(conviction on four conspiracies constitutes sufficient rational basis for denial of appellate bond). *Cf. Atkins v. People of State of Michigan*, 644 F.2d 543, 550 (6th Cir. 1981)(state appellate court's *revocation* of a petitioner's *pre-trial* bond without articulating the reasons for the decision constituted "an arbitrary denial of Atkins' fundamental interest in liberty pending trial and therefore violated his right to due process of law."); *Love v. Ficano*, 19 F.Supp.2d at 765 (the unexplained *revocation* of a petitioner's appellate bond pending appeal of an order granting a new trial constituted an arbitrary denial of petitioner's protected liberty interest and violated his right to due process of law). *Cf. also Puertas v. Michigan Dept. of Corrections*, 88 F.Supp.2d 775 (E.D. Mich. 2000)(preliminarily enjoining the unexplained reversal on appeal of lower court's grant of appellate bond).

    This Court agrees with the Second, Fourth, and Seventh Circuits and concludes that a state court's denial of bail pending appeal does not violate the Due Process Clause so long as there exists a rational basis in the record to support the state court's decision.

    In the case presently before this Court, the record reflects a rational basis for the state courts' refusal to grant Petitioner's request for release on bail pending appeal. It is significant to recall that Petitioner is no longer entitled to a presumption of innocence; Petitioner stands convicted on eight serious felony counts, including two counts of gross sexual imposition, one count of kidnapping, four counts of sexual battery, and one count of rape. The trial judge noted, at sentencing, the complexity of Petitioner's character and the seriousness of his crimes:

> Mr. Armengau, as I see you sitting there and then standing, I wonder which Javier Armengau I'm looking at. And what I mean by that is this. I think that you have been an effective trial lawyer. I don't doubt that. . . you've been a loving son and a caring father. I don't question that.
>
> But there is a different Javier Armengau too. There is a different Javier Armengau outside this courtroom, outside this courthouse. And I am convinced that the challenges you have, the demons that you may possess, your insatiable sexual appetite, those things have brought you to this courtroom and that trial that began back in June.
>
> How do you balance that? I don't know. I can't balance that. I'm not a psychologist, I'm not a psychiatrist, and I can't look into the mind of another human being, but I do know – I do know that you're an effective speaker, you've been an effective trial lawyer, but I do know that there is more than one Javier Armengau, and I just wonder which one now, after he gave that allocution, is standing before me.

*Sentencing Transcript* (ECF No. 10-1, PageID# 388-89.) After sentence was imposed, Petitioner's counsel asked the trial court to release Petitioner on bond pending appeal:

> MR. BENTON [defense counsel]: I would state for the record that when he was facing 18 counts with repeat violent sexual offender specifications, he was able to make bond, this Court allowed him to travel out of state, he faithfully complied with all the terms and conditions of bond. And so – notwithstanding the fact that he has been convicted, we would still ask the Court to give consideration to allow him to be released on bond.
>
> He has two principal concerns. One, as I've indicated earlier, his father is of advanced age, he would like to have the opportunity to visit with him.
>
> And, secondly, he would like to address certain matters relative to his children.
>
> COURT: I can appreciate that. . . .
>
> MR. BREYER [prosecutor]: . . . He has had adequate time to do both of those things. We're adamantly opposed to a bond at this time.
>
> COURT: The Court will deny the bond.

*Id.* (PageID# 404-05.) The State of Ohio opposed Petitioner's request for bail pending appeal, arguing that Petitioner had been convicted of multiple offenses involving multiple victims, posed a risk of flight given his protestations of innocence and ties outside the jurisdiction, and posed a

8

risk of harm. *Memorandum contra Appellant's Motion for Stay of Execution of Sentence* (ECF No. 10-1, PageID 477-80.)

It was on this record that the state courts – who are not required by Ohio law to provide an explanation for the exercise of their discretion in this regard – denied Petitioner's requests for release on bail pending appeal. This Court concludes that the record reflects a rational basis for the state courts' denial of Petitioner's requests for release on bail pending appeal. Petitioner has failed to establish a due process claim in connection with that denial. *See Jenkins v. Harvey*, 634 F.2d at 132.

## V

Petitioner also claims that the state courts' refusal to release him on bail pending appeal violates the Equal Protection Clause. The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A federal habeas claim of denial of equal protection requires proof of purposeful discrimination. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987).

In support of his claim of denial of equal protection, Petitioner refers to "a multitude of cases where Court[s] have permitted Appellate bonds where the charges and sentences were not only similar but also, more severe than those for which Petitioner was convicted." *Petition* (PageID# 8.)  The difficulty with this argument is that bail requires a highly individualized determination. *See Sistrunk v. Lyons*, 646 F.2d 64, 72 3rd Cir. 1981)(citing *Stack v. Boyle*, 342 U.S. 1, 9 (1951) (opinion of Jackson, J.)); *Martin v. Diguglielmo*, 644 F.Supp.2d at 622-23. Nothing in the record supports Petitioner's allegation that the state courts denied his request for an appeal bond based on his race, or national origin, or any other improper classification.

9

Moreover, Petitioner has not established that he is similarly situated to the defendants in the cases referred to by him in support of this claim. As noted *supra*, Petitioner was convicted of eight felony counts, including two counts of gross sexual imposition, one count of rape, one count of kidnapping, and four counts of sexual battery; he was sentenced to an aggregate term of imprisonment of thirteen years. By contrast, the defendant in *State v. Rubel*, 2008-Ohio-1137, 2008 WL 696331 (Ohio App. 3d Dist. Mar. 17, 2008), was convicted of one count of rape and one count of robbery and was sentenced to an aggregate term of imprisonment of three years. The defendant in *State v. Andrews*, 2007-Ohio-223, 2007 WL 136627 (Ohio App. 12th Dist. Jan. 22, 2007), was convicted of one count of gross sexual imposition and was originally sentenced to three years in prison.[2] The defendant in *State v. Davis*, 2012-Ohio-3570, 2012 WL 3222667 (Ohio App. 8th Dist. Aug. 9, 2012), was convicted of failure to provide notice of change of address as a sex offender and was sentenced to three years in prison.[3] The defendant in *State v. Stockwell*, 2011-Ohio-4122, 2011 WL 3654430 (Ohio App. 8th Dist. Aug. 18, 2011), was convicted of drug possession with a major drug offender specification, failure to comply with a signal of a police officer, and possession of criminal tools, and was sentenced to a term of imprisonment of 22 years. The defendant in *State v. Keenan*, 2013-Ohio-4029, 998 N.E.2d 837 (Ohio App. 8th Dist. 2013), was granted an appeal bond in connection with the prosecution's appeal of the trial court's dismissal of a murder charge.[4] The defendant in *State v. Eads*, 2011-Ohio-6307, 197 Ohio App. 3d 493 (Ohio App. 2d Dist. 2011), was convicted of failure to verify his residence and to notify the sheriff of change of address in violation of sex offender

---

[2] This defendant's sentence was later increased to four years to account for a violation of his appeal bond.
[3] Petitioner mischaracterizes the convictions for which the defendant in *Davis* was granted bail pending appeal. *See Petition* (ECF No. 8).
[4] Petitioner mischaracterizes the posture of the case at the time the defendant in *Keenan* was granted an appeal bond. *See Petition* (ECF No. 8).

registration statutes, and was sentenced to 3 years in prison.[5] Petitioner has offered no evidence that he was treated differently than other similarly situated criminal defendants in contravention of the Equal Protection Clause.

## VI

In short, to the extent that Petitioner's claims are properly resolved by reference to the standard of 28 U.S.C. § 2254, Petitioner has failed to establish that the state courts unreasonably applied or contravened federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1). To the extent that Petitioner's claims are properly resolved by reference to the standard of 28 U.S.C. § 2241, Petitioner has failed to establish his federal claims of denial of due process and equal protection.

It is therefore **RECOMMENDED** that the *Petition* be **DENIED** and that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

---

[5]Petitioner mischaracterizes the convictions at issue in *Eads*. *See Petition* (ECF No. 8).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

>   *s/ Norah McCann King*
> Norah McCann King
> United States Magistrate Judge
> May 9, 2016