IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAVIER H. ARMENGAU,

       Petitioner,

  v.

WARDEN, ALLEN CORRECTIONAL
INSTITUTION,

       Respondent.

Case No. 2:15-cv-02603
JUDGE MARBLEY
Magistrate Judge King

## OPINION AND ORDER

On May 9, 2016, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this action be dismissed. *Report and Recommendation* (ECF No. 15.) Petitioner objects to that recommendation. *Objection* (ECF No. 18.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 18) is **OVERRULED**. The *Report and Recommendation* (ECF No. 15) is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is **DENIED.** This action is hereby **DISMISSED.**

Petitioner's request for a certificate of appealability is **GRANTED**, in part.

Petitioner was convicted following a jury trial in the Franklin County Court of Common Pleas on one count of public indecency, two counts of gross sexual imposition, one count of rape, one count of kidnapping, and four counts of sexual battery. Petitioner's appeal from that conviction remains pending in the state courts. This habeas corpus action challenges the state courts' refusal to release Petitioner on bond pending appeal. Petitioner alleges that the state courts unconstitutionally denied him due process and equal protection by arbitrarily and discriminatorily denying, without explanation, his requests for release on bond pending appeal.

The Magistrate Judge recommended dismissal of the claims as without merit.  Petitioner objects to that recommendation.

Petitioner insists that he was wrongfully convicted of crimes that he did not commit.  In support of his claim of innocence and right to release pending appeal, he alleges numerous errors that occurred during the trial. He objects to the Magistrate Judge's conclusion that the record reflects a rational basis supporting the state courts' denials of his requests for release pending appeal.  He argues that this conclusion is unfounded and speculative in view of the failure of the state courts to articulate factual findings or to specify the basis for their decisions and because, he contends, the prosecution never disputed his *Motion to Stay Further Execution of Sentence and Setting Conditions of Release Pending Appeal* and *Affidavit* (*see* ECF No. 10-1, PageID# 447, 472.)[1]  Under these circumstances, Petitioner argues, the record establishes that the state courts arbitrarily and unconstitutionally failed to provide meaningful consideration of his requests for release on appellate bond, as required by both state law and constitutional notions of due process.  Petitioner also alleges that the state courts improperly denied his requests for appellate bond based upon his status as a Hispanic American.  He objects to the Magistrate Judge's conclusion to the contrary.

This Court is not persuaded by Petitioner's arguments.  As noted by the Magistrate Judge, Ohio law explicitly provides that the grant of bail following conviction and pending appeal is entirely discretionary.  *See* Rule 8 of the Ohio Rules of Appellate Procedure; Rule 46 of the Ohio Rules of Criminal Procedure.  Ohio law does not require factual findings to be made indicating the basis for the state court's exercise of its discretion in denying a request for bond pending an appeal of a convicted defendant.  To the contrary, the trial court complied with O.R.C. §

---

[1] The State filed a *Memorandum Contra Appellant's Motion for Stay of Execution of Sentence,* (ECF No. 10-1, PageID# 477), in response to Petitioner's motion.

2953.09(B), which prohibits a trial judge from setting an appeal bond for a defendant who, like Petitioner, has been convicted of rape under O.R.C. § 2907.02. Under Ohio law, it is only "the appropriate court of appeals. . . , upon motion of the defendant and for good cause shown," that may release such a defendant on bond pending appeal. O.R.C. § 2953.09(C). Further, the record fails to support Petitioner's claim that the state courts arbitrarily or unreasonably denied consideration for an appellate bond. Despite Petitioner's protestations of innocence, and particularly in view of the serious nature of Petitioner's convictions, this Court agrees that the record reflects a rational basis for the state courts' refusal to grant his requests for release on bail pending appeal. Additionally, nothing in the record supports Petitioner's allegation that he was treated differently than other similarly situated criminal defendants, or denied bond in a discriminatory manner, in violation of the Equal Protection Clause.

For these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommmendation*, Petitioner's *Objection* (ECF No. 18) is **OVERRULED.** The *Report and Recommendation* (ECF No. 15) is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is **DENIED.** This action is hereby **DISMISSED.**

Petitioner requests a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing

of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Nothing in the record supports Petitioner's claim that the state courts violated the Equal Protection Clause when they denied his requests for release on bond pending appeal. The Court is not persuaded that reasonable jurists would debate whether this claim should have been resolved differently. The Court therefore declines to issue a certificate of appealability on this claim.

However, although this Court is not persuaded that Petitioner has established that he is entitled to habeas corpus relief on his claim that the state courts violated the Due Process Clause when they refused to grant his requests for release on appellate bond, reasonable jurists could debate that issue. Therefore, Petitioner's request for a certificate of appealability is **GRANTED**, in part. The Court certifies the following issue for appeal:

> Did the state courts deny Petitioner due process when they denied his requests for release on bond pending appeal?

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** accordingly**.**

**IT IS SO ORDERED.**

/s/  ALGENON L. MARBLEY
ALGENON L. MARBLEY
United States District Judge